```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

ALI AL-RISHAWI,                    )
d.b.a. ALZAHARA MARKET,            )
                                   )
     Plaintiff,                    )     4:06CV3045
                                   )
     v.                            )
                                   )
UNITED STATES OF AMERICA           )     MEMORANDUM AND ORDER
DEPARTMENT OF AGRICULTURE,         )
FOOD AND NUTRITIONAL SERVICE       )
THROUGH ITS SECRETARY,             )
MICHAEL JOHANNS,                   )
                                   )
     Defendant.                    )
```

This case was designated a "fast track" case, and the defendant has now requested--by letter, which I shall have filed and construe as a motion--to remove it from that designation and have it proceed at the same pace as other civil cases. Defendant argues that both written and deposition discovery may be necessary. Plaintiff opposes the motion, arguing that he is suffering financial hardship from the delay in allowing his participation in the Food Stamp Program.

The Food Stamp Act provides that issues of fact are to be tried *de novo* in the district court, which is to "determine the validity of the questioned administrative action in issue." 7 U.S.C. § 2023(a). The Act's *de novo* review provides a wider scope of review than the "substantial evidence" standard found in the Administrative Procedure Act .... "As a result, the district court 'must reach its own factual and legal conclusions based on the preponderance of the evidence, and should not limit its consideration to matters previously appraised in the administrative proceedings.'" <u>Sims v. U.S. Department of Agriculture Food & Nutrition Service</u>, 860 F.2d 858, 862-63 (8th Cir. 1988). (citations omitted). Thus, discovery is permitted.

There is no showing as to what discovery is contemplated by the government, nor of how long it would take to complete.  The order at issue sets the trial for October 2, 2006.  The deposition deadline is September 1, 2006.  Motions for summary judgment, though severely limited by the order, may be filed at least thirty days before the deposition deadline.  If the defendant has additional evidence, it should disclose such evidence immediately; if depositions are to be taken, they should be scheduled within the six weeks remaining before the deposition deadline.  If it cannot then be completed, a factual showing can be made to that effect, and the court may consider an allowance of additional time.

   IT THEREFORE HEREBY IS ORDERED:

   1.  The clerk shall file the letter from defendant's counsel as a motion.

   2.  So construed, the motion is denied.

   Dated June 19, 2006.

                              BY THE COURT

                              s/ *David L. Piester*
                              David L. Piester
                              United States Magistrate Judge